The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| CARY A. BUDZINSKI & | ) |
| | ) CASE NO. 09-61160 |
| APRIL J. BUDZINSKI, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On June 4, 2010, counsel for debtors Cary A. Budzinski and April J. Budzinski ("debtors") filed a motion for extraordinary attorney fees. This motion is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On March 31, 2009, debtors filed a chapter 13 bankruptcy petition. Three aspects of the petition are relevant to the Court's discussion. First, the Disclosure of Compensation for the Attorney shows that the debtors' attorney received $225 up front with another $2,025 to be paid

through the plan for a total of $2,250. Second, Schedule D of the petition lists the first and second mortgages on the debtors' property at 6722 Corrine Dr. NW, Canton, Ohio ("property") in the amounts of $257,091 and $64,663, respectively. The value of the property is listed as $228,800. Thus, the second mortgage could be avoided as entirely unsecured pursuant to In re Lane, 280 F.3d 663 (6th Cir. 2002). Third, the chapter 13 means test is filled out incorrectly. For example, debtors' mortgage payments are deducted twice from debtors' disposable income on lines 26 and 47.

On the same day, debtors filed a chapter 13 plan. The plan called for debtors to pay the trustee $224.27 per month for 60 months. In addition, the plan called for debtors to direct pay their first and second mortgages, even though the second mortgage could be avoided. Predictably, the trustee objected to the plan's treatment of the second mortgage as a secured debt. Also predictably, the trustee objected to debtors' calculation of their disposable income. In addition, the trustee objected based on chapter 7 liquidation value due to debtors' 2008 tax return in the amount of $9,739[1] and to debtors' direct pay of their first mortgage due to Claim 4-1, which indicates a delinquency of $9,820.82, contra to Administrative Order 05-05 and this Court's Chapter 13 Form Plan.

On June 17, 2009, debtors filed an amended chapter 13 plan, an objection to Claim 4-1, and a corrected chapter 13 means test. The amended plan proposed direct payment of the first mortgage, treated the second mortgage as unsecured, and reduced the monthly payments to the trustee to $107.83 per month. Predictably, the trustee once again objected to debtors' amended plan due to chapter 7 liquidation value presumably once again due to debtors' 2008 tax return.

On October 21, 2010, a hearing was held regarding debtors' objection to Claim 4-1. Obviously, the outcome of the objection was important to the debtors because it would determine whether the debtors would need to make arrearage payments on their first mortgage. Incredibly, debtors' counsel did not show up for the hearing and the objection was denied. On October 31, 2010, debtors filed a motion for reconsideration, which stated that debtors' counsel failed to mark the hearing on his calendar. The motion to reconsider was unopposed and was granted on December 2, 2010. Debtors' objection to the delinquencies was eventually settled.

On February 9, 2010, debtors filed a second amended plan, which placed the first mortgage inside the plan and provided that the arrearage would be paid in full at 4% interest.[2] Once again, the trustee objected to the plan based on chapter 7 liquidation value because of the 2008 tax refund. The trustee's objection was resolved by an agreed order on April 29, 2010, and debtors' second amended plan was confirmed the same day.

---

[1]The trustee's objection to the second amended plan discloses the amount of the tax return. The value of the tax return is listed as $0 in the petition.

[2]The second amended plan is misidentified on the docket as the third amended plan. On July 23, 2009, debtors gave notice that a second amended plan had been filed. However, the plan associated with this notice was never filed.

According to the motion for extraordinary attorney fees, debtors' attorney spent a total of 19.45 hours on the case, which he billed at $175 per hour for a total fee of $3,403.75. Thus, debtors' motion seeks an additional $1,153 in addition to the $2,250 disclosed in the petition.

## LAW AND ANALYSIS

Pursuant to 11 U.S.C. § 329, this Court monitors the compensation paid to debtors' attorneys and reduces that compensation to the extent that it is unreasonable. "Reasonable compensation" is based on a lodestar calculation which requires a bankruptcy court to "multiply the attorney's reasonable hourly rate by the number of hours reasonably expended." In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991). The overall reasonableness of an attorney's fee depends on all relevant considerations, including the following 12 factors:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 793 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974)); see also Hensley v. Eckerhart, 461 U.S. 424 (1983).

Application of the Boddy factors clearly demonstrates that the debtors' attorney is not entitled to additional compensation. Regarding the first, second, third, and ninth factors, the Court notes that this would have been an ordinary case if not for problems that debtors' attorney created. Debtors' attorney should have immediately recognized that the the second mortgage could be avoided and filed an appropriate plan. Likewise, debtors' attorney should have been able to correctly fill out the chapter 13 means test and should have resolved the trustee's objection regarding the 2008 tax return more quickly. At the very least, debtors' attorney should have attended the all-important hearing on Claim 4-1. The Court can hardly fathom granting "extraordinary fees" in a case where the debtors' attorney has failed to identify, or attend to, the most obvious issues in the case.

This conclusion is supported by Administrative Order 08-05, which relates to factors 5 and 12. If a 60-month plan pays unsecured creditors less than 30% of their claims, the customary fee is $2,250. Memorandum 08-05 at 2. This customary fee includes services of the sort usually performed by debtors' attorneys in chapter 13 cases including routine objections to claims, responding to routine objections to plan confirmation, and filing amended plans. Id. at 4. Thus, factors 5 and 9 reinforce the conclusion that the maximum allowable fee in this case is $2,250,

which is the amount disclosed by debtors' attorney in the petition.

Any additional time required by this case occurred as a result of poor issue spotting, poor execution and inattention. There were no matters requiring unusual or unexpected work, difficulty or surprise.

Accordingly, the motion for extraordinary fees is denied in its entirety.

An order will issue with this opinion.

#   #   #

Service List:

Cary A. Budzinski
6722 Corrine Dr NW
Canton, OH 44718-1369

April J. Budzinski
6722 Corrine Dr NW
Canton, OH 44718-1369

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

William M Sremack
2745 S Arlington Rd
Akron, OH 44312